# Thomas Darlington, plaintiff in error, *vs.* John C. Irwin, defendant in error.

### *Error to Muscatine.*

There is no authority for issuing a capias merely that it may act as the basis for an attachment when the defendant is already in court. And a motion to quash the same may be made after a plea in abatement to the attachment.

The facts in this case are these. Darlington had sued Irwin for slander, and pending this action he filed an affidavit that he believed that

Irwin would leave the territory, or remove his property before judgment in the action could be had, or that he could otherwise abscond, so that the process of the court, after judgment, could not be issued, and prayed the court that a capias might issue and he Irwin be held to bail. And a capias was consequently awarded, the defendant arrested, and held to bail in the sum of $500.

The said Darlington then filed an affidavit for an attachment against Irwin, which was also ordered, and property attached.

Irwin appeared in court and pleaded in abatement to the attachment. And subsequently by attorney, he moved to quash the writ of attachment and capias, which motion was sustained.

Darlington brings the case to this court on a writ of error, and assigns for error.

1. That the court below sustained the motion of the defendant to quash the writ of attachment and capias.

2. That the court below did quash and set aside the said writ of attachment while there was a plea in, and undisposed of.

CARLETON & WOODWARD, for plaintiff in error.

HASTINGS, for defendant in error.

PER CURIAM, MASON, CHIEF JUSTICE.—We think the capias in this case was improperly issued and the attachment resting thereon must fall with it. We know of no authority for issuing a capias merely that in may act as the basis for an attachment and when the defendant was already in court. It is true there may often be instances where the circumstances which would justify the affidavit necessary for the issuing of a capias only, develope themselves subsequent to the commencement of the suit, but this is a proper subject for the consideration of the legislature.

It is objected that the motion to quash was not made until after a plea in abatement to the attachment had been filed. This at all events would be no objection to a motion to quash the capias. The downfall of this carried the attachment with it, for how can there be an attachment in an action of this kind, without the amount of bail, and consequently the amount for which the writ of attachment may issue, being fixed as provided by statute?

Judgment affirmed.